JENNIE H. VAN VEGHTEN, Respondent, Appellant, v. THE HUDSON
RIVER POWER TRANSMISSION COMPANY, Appellant, Respondent.

*Nuisance — at law only damages caused prior to the commencement of the suit can
be recovered — proper measure of damages — section 1662 of the Code of Civil Pro-
cedure relating to its removal does not apply to an action at law.*

In an action at law only such damages as have been suffered prior to the com-
mencement of the action can be recovered, and, therefore, permanent or fee
damages for the continuance of a nuisance or trespass, which involve damages
after as well as before the action was commenced, can only be recovered in an
action in equity.

In an action at law to recover damages for a nuisance to real property, the proper
measure of damages is the difference in the rental value of the property, before
the commission of the nuisance and afterwards, during its existence, down to
the time of the commencement of the action.

Section 1662 of the Code of Civil Procedure, relating to the granting of a judg-
ment directing the removal of a nuisance, does not apply to an action at law
to recover damages resulting from the nuisance.

CROSS-APPEALS by the plaintiff, Jennie H. Van Veghten, and by the
defendant, The Hudson River Power Transmission Company, from
a judgment of the Supreme Court, entered in the office of the clerk
of the county of Rensselaer on the 27th day of February, 1904,
upon the verdict of a jury for $250 in favor of the plaintiff, but
denying the plaintiff's motion for judgment directing the removal of
an alleged nuisance, with notice of an intention on the part of the
defendant to bring up for review upon such appeal an order bearing
date the 4th day of January, 1904, and entered in the said clerk's
office, denying the defendant's motion for a new trial made upon
the minutes.

The action is for damages for an alleged nuisance. The plaintiff
alleged that she is the owner of a farm situated on the east side of
the Hudson river opposite the village of Mechanicville, a portion of
which, lying next to the river, has been cut up into building lots,
and that the defendant corporation has erected a dam across the
river below said farm, causing the waters of the river to be set back
on the plaintiff's land and greatly injuring the same. She demands a
judgment for $20,000 damages, and asks for " such other judgment
or relief as may be just and equitable." The answer denies that the

erection of the dam has caused the plaintiff's lands to be flooded, or has caused her any damage.

Mr. Kellogg appeared for the plaintiff. Mr. Brackett for the defendant. Upon the opening of the trial the following discussion took place : " Mr. Brackett: Before the calling of the jury is commenced I desire to call attention to the complaint, and have the court rule as to whether it is an action of law, or whether equitable relief is sought; if the latter, then we submit it must be tried before the court without a jury. Mr. Kellogg : The plaintiff claims that the action is purely one of law for the recovery of money only. Mr. Brackett : No equitable relief is claimed in the action. Mr. Kellogg : There is a general prayer for equitable relief. This is an action for permanent injury to land, and it is upon that theory we are going to try it. Mr. Brackett: I desire to have it settled definitely now. They have asked for ' such other relief as may be just and equitable,' and it is to test the question whether they regard it as an equitable action or one purely of law that I bring the question up at this time. Upon their concession, of course, I am entirely willing that they should take their stand. If they do not concede fully and completely that it is simply and only an action at law and not an equitable action, or other than an action at law for the recovery of money, then I shall ask your honor's ruling upon the subject. Mr. Kellogg : We contend it is an action at law for permanent damages to our freehold. The Court : Then your expression ' such other and further relief' does not mean anything ? Mr. Kellogg : In case the court disagrees with us, or if they contend that we are entitled to other relief, then, in that case, it could only have another meaning. Mr. Brackett : It is either an action at law or something else. If it is an action at law it is for the recovery of money, but if it is an equitable action it is triable before your honor. Mr. Kellogg: I claim it is an action at law solely and only. Mr. Brackett : On that concession I am entirely willing to rest."

A jury was thereupon impaneled and the trial proceeded. Upon the trial the court excluded evidence offered by the plaintiff tending to prove permanent damages to the freehold, and held that the rule of damages was the diminution in the rental value prior to the commencement of the action. The plaintiff had exceptions to such rulings. The court charged the jury that the only measure

of damages which they could apply to the case " must be the difference between the rental value of the property before the property was damaged (if it was damaged) by the water and since," and the plaintiff excepted. At the close of the evidence certain questions were submitted to the jury and they found that the maintenance of defendant's dam had caused or contributed to the annual flooding of plaintiff's land above ordinary high-water mark since the dam was built in 1897 and prior to the commencement of the action, and found that the plaintiff had been damaged thereby $50 per annum for five years, in all $250.

The defendant moved to set aside the verdict and for a new trial, and the plaintiff moved that a judgment be entered directing the abatement of the nuisance in accordance with the provisions of section 1662 of the Code of Civil Procedure. Both motions were denied, and judgment was thereupon entered in favor of the plaintiff for the amount of the verdict and for costs. From this judgment both parties have appealed.

*J. A. Kellogg,* for the plaintiff.

*Edgar T. Brackett* and *Henry W. Williams,* for the defendant.

CHESTER, J. :

While it is true that the complaint contained a prayer for such relief as might be just and equitable and that the plaintiff's counsel in the discussion, had before the court at the opening of the trial, claimed that this was an action for permanent injury to the land, yet at the end of that discussion he conceded that it was an action at law solely and only and defendant's counsel rested upon that concession and consented to the impaneling of a jury and the action proceeded and was tried as an action at law. The plaintiff by this concession waived her prayer for equitable relief and the court was right in thereafter applying the principles that govern the trial of actions at law. The principle is too well settled to require the citation of authorities in support thereof that in an action at law only such damages as have been suffered prior to the commencement of the action can be recovered, and, therefore, that permanent or fee damages for the continuance of a nuisance or trespass, which involve damages after as well as before the action was commenced, can only be recovered in an action in equity.

The jury have found by their verdict that the maintenance of defendant's dam has caused or contributed annually to the flooding of plaintiff's premises to her damage.    This is equivalent to a finding that the flooding is unlawful and we have no right to presume that it is to be permanent, because the law will not presume that the defendant will continue an unlawful act.

The question of the proper rule of damages in an action at law to recover damages for a nuisance was discussed at length, with a review of the leading authorities, in this country and in England by EARL, J., in the case of *Uline* v. *N. Y. C. & H. R. R. R. Co.* (101 N. Y. 98), and the rule was there laid down that in such an action damages can be recovered only up to the commencement of the action, and that the proper measure of damages was the difference in the rental value of the property before the commencement of the nuisance and afterwards during its existence down to the time of the commencement of the action.    That was just the rule applied by the court in this case.    The reason for the rule is plain, that the action being at law for the recovery of money only, a judgment therein cannot operate as a bar to an action in equity for injunctive relief, nor to successive future actions for damages.    The ruling of the court, therefore, excluding evidence as to permanent damages, and in its charge to the jury upon the question of damages, was correct.

What has been said also disposes of the contention of the plaintiff, that the court erred in not granting the motion for a provision in the judgment directing a removal of the nuisance under section 1662 of the Code of Civil Procedure, for that section does not apply to an action at law, for it is expressly provided in section 1663 of said Code that it shall not apply where the complaint demands judgment for a sum of money only.    The concession made by the plaintiff's counsel at the opening of the trial, that the action was one at law, was equivalent to the elimination from the complaint of the prayer for equitable relief and left the action to proceed as one at law for the recovery of money only.

The appeal by the plaintiff, therefore, cannot be sustained.

The defendant insists that the verdict is against the evidence and the weight of the evidence.

The theories of the expert engineers, sworn for the plaintiff and

the defendant, were widely at variance as to whether the elevation of the crest of the dam was sufficient to set the water back in times of high water and thus to cause the damages complained of to the plaintiff. The defendant's engineer, it is true, gave very forceful reasoning in support of his theory that it was impossible for waters to be set back by this dam to a height sufficient to cause any damages to plaintiff's property. Yet if we cast aside the theory and the reasoning of the plaintiff's engineer to the contrary, we think there was sufficient evidence on the part of lay witnesses sworn for the plaintiff as to the creation of a pond by the dam where before had been rapids, as to the formation of thick ice on the pond resulting in ice gorges in the spring and setting the water back, where before no ice, or only thin ice, had been formed, as to the flooding of the plaintiff's property since the erection of the dam and as to its never having been flooded before its erection, except upon one or two instances of very severe freshets, which was in conflict with the evidence of the lay witnesses on behalf of the defendant, to the effect that there has been no substantial flooding of plaintiff's land there before or after the erection of the dam, to render the question clearly one for the determination of the jury, and we are not prepared to say, after examining the testimony, that the verdict has not sufficient evidence to support it.

The judgment should be affirmed, without costs of the appeal to either party as against the other.

CHASE, J., concurred in result.

Judgment and order unanimously affirmed, without costs of the appeal to either party as against the other.