**FOWLER et al. v. CROWN-ZELLERBACH CORPORATION.**

No. 11650.

Circuit Court of Appeals, Ninth Circuit.

Oct. 8, 1947.

Hoy & Prag and Harry G. Hoy, all of Portland, Or., for appellant.

Griffith, Peck, Phillips & Nelson, Clarence D. Phillips, John J. Couglin, Cake, Jaureguy & Tooze and Nicholas Jaureguy, all of Portland, Or., for appellee.

Before STEPHENS, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

This is a suit by appellants to recover damages on account of the alleged maintenance of a nuisance or a series of nuisances by the defendant (appellee). The appeal is from a judgment for the defendant entered pursuant to its motion for a directed verdict.

The record is fragmentary and appears, upon a study of it, to afford an inadequate

774

basis for a review of the rulings complained of. We have before us only the pleadings, a pre-trial order, a portion of the evidence of a single witness, an offer of proof, and a stipulation of the parties which recites, among other things, the impossibility of obtaining a transcript of the testimony for use on appeal. The pleadings indicate that appellants owned a recreational resort abutting upon a publicly owned lake in Oregon and that appellee conducted logging operations on lands also abutting upon the lake. The dispute outlined in the complaint and answer was whether appellants suffered actionable damage by reason of appellee's operations. The stipulation referred to above recites that prior to July 9, 1944, appellants closed their resort to the public and subsequently excluded the members thereof from the premises by means of a fence, and that thereafter they used the property only as their residence "and for the housing and entertainment of special guests whom they were willing to accept and who made special reservations."

Appellants attack a portion of the pre-trial order limiting the issues for the determination of the jury to the depreciation, if any, in the value of their property and to their loss, if any, of income therefrom as the result of the acts of appellee. It is claimed that since they admittedly continued to reside on the property after the closing of the same to the general public they were entitled to damages for discomfort and annoyance or injury to health of themselves, as individuals, over and beyond any loss of income or depreciation in property value.

 There are several infirmities in this argument. In the first place the pre-trial order does no violence to the issues as framed by the complaint. More importantly, the record discloses no objection to the order attacked. Consult Rule 46 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Bucy v. Nevada Construction Co., 9 Cir., 125 F.2d 213, 218. So far as we can determine it was made with the cooperation and assent of both parties. There was no reservation of the point now urged, nor does there appear to have been any request for the amendment or modification of the order in the course of the trial. The pre-trial conferences held by the court and the order entered as the result thereof were authorized by Rule 16 of the Federal Rules. One of the purposes of such a conference is the simplification of the issues, and the rule provides that "the court shall make an order which recites the action taken at the conference * * * and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice."

The remaining complaint is that the court erred in ruling that no damages could be predicated upon alleged acts of appellee occurring after July 9, 1944, the date appellants closed their resort to the general public. The conduct stressed in this connection is the claimed installation by appellee of a defective sewage disposal plant at its logging camp. All that appears in the record on the subject is an offer of proof made by appellants. This offer was to prove "by testimony of State Health Officer that the sewage disposal plant of the defendant was improperly installed in violation of the Oregon Statute [O.C.L.A. § 99-2101 et seq.] with reference to installation of sewage disposal plants and was dangerous, and that it was so installed as to be liable to contaminate the water at the swimming and bathing resort of the plaintiffs." Also that "the defendant was warned at the time construction was started that the same was wrong and was dangerous—was warned by a licensed plumber. Second, we would prove by expert testimony of actual tests made by the experts personally that the water at plantiffs' said bathing beach was and is actually contaminated by these sewers, rendering it unfit for use as a bathing resort."

 The record does not contain the ruling of the trial court in respect of this offer, nor does it show on what grounds the offer was rejected. No witness appears to have been interrogated or even called preliminary to making it, and the offer itself is vague and indefinite. It contained no proposal to show that appellants' property depreciated in value or that the income from it declined by reason of the installation of

the plant; and even the time of its installation was not indicated beyond a statement that it was subsequent to July 9, 1944. It seems to be conceded that in Oregon it is error to admit evidence of depreciation in the market value of a complainant's property caused by a nuisance that is temporary and which can be abated, Porges v. Jacobs, 75 Or. 488, 147 P. 396. And it is not claimed that the sewage disposal plant was anything other than a temporary and abatable nuisance. There is no showing in the record before us, nor does there appear to have been any attempt to show, that appellants suffered any loss of income in consequence of the installation of the plant. The point made seems to be merely a variant of the first contention, namely, that the pre-trial order unduly limited the grounds on which recovery could be had. As already noted, the appellants, on the basis of the record here, are not in a position to complain of the pre-trial order.

This disposes of the only points relied on for reversal.

Affirmed.