Argued October 14, affirmed November 25, 1959

FISHER *v.* CARLIN ET UX

346 P. 2d 641

*Frank W. King*, Portland, argued the cause for appellants. With him on the brief was Arthur E. Prag, Portland.

*Clayton R. Hess*, Portland, argued the cause for respondent. On the brief were Hess & Hess, Portland.

Before MCALLISTER, Chief Justice, and SLOAN, O'CONNELL and KING, Justices.

McALLISTER, C.J.

The plaintiff, Flora L. Fisher, brought this action to recover both general and punitive damages from the defendants, Phil and Florence Carlin, husband and wife, for wrongfully trimming and cutting maple trees on plaintiff's property. The jury awarded plaintiff $250 compensatory damages and $2,750 punitive damages and from the judgment based on said verdict, defendants appeal.

■ Defendant's only assignment of error reads as follows: "The court erred in submitting to the jury the issue of punitive damages." This assignment of error does not conform to our rules in that it fails to inform us how the question was raised in the court below. If a motion was made in the trial court to withdraw the issue of punitive damages from the jury, the motion should be set out haec verba in the brief. If the question was raised by objecting to the instructions of the court, the pertinent instructions and the objections made thereto both should be set out haec verba in the brief. The failure to comply with our rules requires us to search the transcript to ascertain whether the question was raised in the trial court and if so, how.

Our search of the record in this case discloses that no objection was made in the trial court to the submission to the jury of the issue of punitive damages. Defendants did not move to withdraw the issue from the jury and when excepting to the instructions, did not advise the court that they objected to the submission of this issue to the jury.

It is axiomatic that this court will only review error properly excepted to in the trial court. *State of Oregon v. Kader,* 201 Or 300, 334, 270 P2d 160. However, because of the substantial amount of the punitive damages awarded by the jury as compared with the general damages we have, in spite of the defendants' failure to raise the point in the trial court, carefully reviewed the record in this case.

Both plaintiff and defendants live on a hillside overlooking downtown Portland. Defendants' home is behind and above the home of plaintiff and the two properties are separated by S. W. Cardinell drive. A considerable number of vine maple trees grow in the rear of the Fisher lot and on the easterly 15 feet of Cardinell drive abutting plaintiff's property. If these trees are permitted their natural growth they obscure the Carlins' view of the city. During 1952 the Carlins and Fishers had the trees trimmed and shared the expense. In 1954 and 1955 the Carlins wanted to trim the trees again but the Fishers refused. In 1954 the Fishers feared that in spite of their protest the Carlins intended to again top and trim the trees. They consulted an attorney who wrote the Carlins warning them not to cut or trim the trees on the Fisher property. In the spring of 1956 Mr. Carlin called on Mrs. Fisher, whose husband had died a few months earlier, and again requested permission to cut the trees. Mrs. Fisher denied his request and told Mr. Carlin that she did not want the trees cut again.

In April, 1956, the Carlins engaged the All-City Tree Service and had the trees topped and trimmed. In performing the work trees growing on the Fisher property were topped and cut, including one tree with a trunk of about four inches in diameter which was cut off about four feet from the ground. Mrs. Fisher's fence was broken, a post knocked down and limbs left strewn about her yard.

■ To justify punitive damages, the jury must be satisfied that the injury was done maliciously or willfully and wantonly or committed with bad motive or recklessly so as to imply a disregard of social obligations. *Kingsley v. United Rys. Co.*, 66 Or 50, 58, 133 P 785; *Perry v. Thomas et al.*, 197 Or 374, 393, 253 P2d 299; and *Genova v. Johnson*, 213 Or 47, 321 P2d 1050. In the Kingsley case this court said:

> "To go unbidden upon another's lands, appropriate a part and change the physical aspects thereof in contravention of the expressed wishes of the owner, constitute acts so violent to wholesome legal restrictions as to come within the rule permitting exemplary damages."

■ On reviewing the evidence we find that it was sufficient for the jury to determine that the injury was intentional, wilfull or malicious or committed so recklessly as to imply a disregard of social obligations. The Carlins had been clearly notified on many occasions that the Fishers did not intend to let their trees be cut. In spite of this, they hired a tree surgeon and instructed him to cut the trees so that they would have their view. No care was taken to respect property lines or to carefully determine the location of the Fisher property. When Mrs. Fisher discovered that the trees were being trimmed, she protested to the men doing the work. The man in charge consulted Mrs. Carlin and was told "to go ahead with your work." Although

this evidence was contradicted it was sufficient to warrant the submission of this issue to the jury.

For similar cases in other jurisdictions where the question of punitive damages was correctly before the jury, see *Floyd v. Richmond*, 211 Ark 177, 199 SW2d 754, 758 and *Welker v. Pankey* (Mo), 225 SW2d 505.

The judgment of the circuit court is affirmed.