**REYNOLDS METALS COMPANY et al.,
Appellants and Cross-Appellees,**

v.

**Julius LAMPERT and Evelyn Lampert,
Appellees and Cross-Appellants.**

**No. 17941.**

United States Court of Appeals
Ninth Circuit.

March 18, 1963.

Rehearing Granted June 13, 1963.

See also 25 F.R.D. 175.

King, Miller, Anderson, Nash & Yerke, Fredric A. Yerke, Jr., and Clifford N. Carlsen, Jr., Portland, Or., Gustav B. Margraf and W. Tobin Lennon, Richmond, Va., for appellants and cross-appellees.

Koerner, Young, McColloch & Dezendorf, Herbert H. Anderson, and Michael G. Holmes, Portland, Or., for appellees and cross-appellants.

Before HAMLEY and DUNIWAY, Circuit Judges, and CROCKER, District Judge.

CROCKER, District Judge.

Appellant Reynolds Metals Company operates an aluminum reduction plant near Troutdale, Multnomah County, Oregon. Appellant Henry W. Shoemaker was plant manager at the time of the commencement of the action.

Appellees Julius and Evelyn Lampert own certain real property near Troutdale which they used for growing crops, including gladiolus bulbs, bulblets and flowers.

On June 30, 1959, appellees commenced an action in the Circuit Court of the State of Oregon for the County of Multnomah, alleging that their real property had been invaded by gases, fumes and particulates (commonly referred to as fluorides) emanating from appellants' plant and seeking, for the years 1957, 1958 and 1959, the following damages:

1. $3,191.31 as the cost of obtaining substitute real property for growing bulbs (including rent, cost of fertilizer and the cost of travel between the rented property and appellees' own property).

2. $12,500 for being deprived of the use and enjoyment of their real property.

3. $3,020 for damage to gladiolus bulbs.

4. $1,650 for damage to gladiolus blooms.

5. $500,000 in punitive damages.

Appellants removed the action to the District Court on the basis of diversity of citizenship and the requisite jurisdictional amount. The case was tried before a jury and resulted in verdict and judgment for appellees in the amount of $10,017.

Appellants and appellees appeal on the basis of certain alleged errors in the District Court's instructions to the jury, appellants contending that:

1. It was error for the Court to refuse to instruct the jury that appellees might not recover both damages for loss of use and enjoyment of their real property and damages for expenses incurred by them in obtaining a substitute for such real property.

2. It was error for the Court to refuse to instruct the jury that appellees might not recover travel expense and travel time and to instruct the jury that such damages were recoverable.

3. It was error for the Court to instruct the jury that they were required to return a verdict in favor of appellees of at least nominal damages.

4. Appellees contend in their cross-appeal that the Court erred when it struck and withdrew from consideration of the jury appellees' claim for punitive damages.

Considering these contentions seriatim. we hold:

■■ 1. The jury was erroneously instructed that appellees could recover damages both for the loss of the use of their property and for the cost of obtaining substitute property. It is clear, and appellees do not seriously dispute, that while recovery may be had for the loss of use of real property, where a substitute can be and is obtained, the measure of damages for the loss of use of the original property is the cost of renting the substitute. See 15 Am.Jur. Damages, Section 129; 4 Restatement of the Law of Torts, Section 931. Appellees, however, contend that the Court below did not err in refusing to give appellants' proffered instructions for the reason that the instructions referred only to damage to the gladiolus bulbs and plants on the property which appellees own, whereas appellees were entitled to recover also for the damage to the plants on the rented land.

There is no merit to this contention. The court instructed the jury as to appellees' right to recover for the damage done to the gladioli on the rented land. [Transcript p. 360 and 366] Appellants' Requested Instructions 2, 2B and 2C, when read, show clearly that they were designed solely to avoid the possibility of a double recovery resulting from the consideration of both the use value of appellees' land and the cost of renting the substitute land as the measure of damages for loss of use.

There is little likelihood that appellants' instructions would have confused the jury on the issue of appellees' right to recover for the plants injured on rented lands, and one of the instructions should have been given by the Court to the jury.

■ Appellees next contend that if appellants' requested instructions were given, an element of compensation would have been excluded. They seem to equate loss of "enjoyment," as used in the term "use and enjoyment," with the concept of "annoyance, inconvenience and discomfort," which we will assume would have been a proper additional element of damage below. See Quillen v. Schimpf, 133 Or. 581, 291 P. 1009; Porges v. Jacobs, 75 Or. 488, 147 P. 396; 4 Restatement of the Law of Torts, Section 929.

Appellees, however, did not seek damages for this element in any of their pleadings nor in the pre-trial conference order. Their prayer in this respect comes too late. Moreover, in his instructions, the District Judge seems to have used "use" and "enjoyment" interchangeably, which would tend to mislead the jury.

■ 2. It was proper for the District Court to allow the inclusion of travel time and expense as part of the cost of obtaining the substitute land.

There was apparently no issue as to the possibility that appellees could have rented land nearer to that of their own, thus making the required travel unreasonable. The travel expenses were thus a necessary and reasonable element of the cost of the substitute land, and it is well established that the injured party may recover reasonable expenses incurred in attempting to mitigate the damages resulting from a wrongful act. Title & Trust Co. v. United States Fidelity & Guaranty Co., 138 Or. 467, 1 P.2d 1100, 7 P.2d 805; Duncan Lumber Co. v. Willapa Lumber Co., 93 Or. 386, 182 P. 172, 183 P. 476; 15 Am.Jur., Damages, Section 147; 25 C.J.S. Damages § 49.

3. The Court did not err in instructing the jury that appellees were entitled to nominal damages as a matter of law.

Little need be said on this point. The record shows that appellants conceded that under the law of Oregon (see Martin v. Reynolds Metals Co., 221 Or. 86, 342 P.2d 790) the settling of fluorides from the plant on appellees' property constituted trespass as a matter of law. See also Loe v. Lenhardt, 227 Or. 242, 362 P.2d 312.

4. The District Court erred in withdrawing appellees' claim for punitive damages from the consideration of the jury.

Where there is evidence that the injury was done maliciously *or* wilfully and wantonly or committed with bad motive or recklessly so as to imply a disregard of social obligations, punitive damages are justified. Fisher v. Carlin, 219 Or. 159, 346 P.2d 641.

Here the record discloses that appellants had known for several years that fluorides from their plant were settling on appellees' land, with resultant damage to appellees' crops. It thus could have been found that their trespass was done knowingly and wilfully, that it was intentional and in wanton disregard of appellants' social obligations.

To justify an award of punitive damages, it is not necessary that the act have been done maliciously or with bad motive. Where it has become apparent, as it has here, that compensatory damages alone, while they might compensate the injured party, will not deter the actor from committing similar trespasses in the future, there is ample justification for an award of punitive damages. Kingsley v. United Railways Co., 66 Or. 50, 133 P. 785. See Morris, Punitive Damages in Tort Cases, 44 Harv.L.Rev. 1173. The appellees have neither abandoned nor waived their claim for punitive damages against appellant Shoemaker. Accordingly, the issue of punitive damages should have been submitted to the jury.

The judgment is reversed and the case is remanded to the District Court for retrial not inconsistent with this opinion.