Argued and submitted March 26, affirmed September 10, 1986

HARRIS,
*Appellant,*

*v.*

WRIGHT,
*Respondent.*

(83-1118-L; CA A35605)

724 P2d 875

Garrison F. Turner, Medford, argued the cause for appellant. On the brief were William V. Deatherage, Betsy F. Byers and Frohnmayer, Deatherage, de Schweinitz, Pratt & Jamieson, P.C., Medford.

Raymond J. Salisbury, Grants Pass, argued the cause for respondent. With him on the brief was Schultz, Salisbury & Cauble, Grants Pass.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

.

## RICHARDSON, P. J.

Plaintiff brought this action under ORS 105.810, alleging that defendant intentionally trespassed on his property and wilfully damaged trees and shrubs. The jury returned a verdict for plaintiff and assessed general and punitive damages. The trial court struck the award of punitive damages on the ground that the treble damages provided for by ORS 105.810[1] are an exclusive punitive remedy and preclude the recovery of punitive damages in actions subject to the statute.[2] The court then tripled the jury's general damage award and entered judgment accordingly. Plaintiff appeals. His principal assignment of error is that the court erred by concluding that punitive damages were not awardable.

The parties advise us that whether punitive damages as well as treble damages are recoverable in actions subject to ORS 105.810 is a question of first impression. That is true, but the Oregon appellate courts have decided closely related questions, and the decisions are largely determinative of the present variation of the issue.

In *Brewer v. Erwin,* 287 Or 435, 600 P2d 398 (1979), the court considered whether punitive damages are awardable for violations of the Residential Landlord and Tenant Act, ORS 91.700 *et seq,* notwithstanding specific provisions in the Act for augmented or "noncompensatory" damages for various violations. The court held that the plaintiff could not recover punitive damages, and explained:

---

[1] ORS 105.810 provides:

"Except as provided in ORS 477.090, whenever any person, without lawful authority, wilfully injures or severs from the land of another any produce thereof or cuts down, girdles or otherwise injures or carries off any tree, timber or shrub on the land of another person, or of the state, county, United States or any public corporation, or on the street or highway in front of any person's house, or in any village, town or city lot, or cultivated grounds, or on the common or public grounds of any village, town or city, or on the street or highway in front thereof, in an action by such person, village, town, city, the United States, state, county, or public corporation, against the person committing such trespasses if judgment is given for the plaintiff, it shall be given for treble the amount of damages claimed, or assessed for the trespass. In any such action, upon plaintiff's proof of ownership of the premises and the commission by the defendant of any of the acts mentioned in this section, it is prima facie evidence that the acts were committed by the defendant wilfully, intentionally and without plaintiff's consent."

[2] The procedural basis for the court's action is not made clear to us by the parties or the record. The trial court's procedural authority to strike the award is not questioned by plaintiff.

"* * * With respect to plaintiff's claim for punitive damages, we think that allowing such damages under ORS 91.725 for violation of a statutory provision in an action between landlord and tenant would be inconsistent with the attention given to the choice of noncompensatory measures of damages elsewhere in the act. Punitive damages at common law, insofar as they do not merely reflect social solidarity with the outrage of a victim of a deliberate tort apart from its injurious consequences, have been justified as a means of legal deterrence initiated by a private rather than a governmental plaintiff. *See Roshak v. Leathers,* 277 Or 207, 211, 560 P2d 275 (1977). In a commercial or industrial setting, their function is to make it unprofitable to engage in an improper practice when a defendant might otherwise be prepared to bear the risk of having to pay for the resulting harm as an acceptable business cost. *McElwain v. [Georgia-Pacific],* 245 Or 247, 421 P2d 957 (1966); *cf. also* in a non-commercial context, *Fisher v. Carlin [et ux],* 219 Or 159, 346 P2d 641 (1959). Legislation often makes use of noncompensatory damages for this purpose and as a device to facilitate private rather than public enforcement of the prescribed standards of conduct. * * *

"* * * [T]he drafters of the Residential Landlord and Tenant Act made use of such devices in a number of provisions. Sometimes they selected the sum of three months' rent beyond actual damages, ORS 91.745, sometimes twice the otherwise relevant amount, ORS 91.760(8), 91.840(4). Sometimes the stated measure of damages is compensatory in a purely financial sense. ORS 91.805. When a statute includes such differentiated provisions for compensatory and for more than compensatory damages for specified violations we find no justification for superimposing upon the statutory scheme an additional remedy of punitive damages, unlimited in amount, for violations of the act. * * *" 287 Or at 442-43. (Footnote omitted.)

*See also Farris v. U.S. Fid. and Guar. Co.,* 284 Or 453, 467-68, 587 P2d 1015 (1978).

Whether or not the court in *Brewer* intended to state a general rule that a statutory provision for penalties or penal damages preempts common law punitive damages for the conduct the statute addresses, we think that the reasoning in *Brewer* is apposite here. In *Ashcraft v. Saunders,* 251 Or 139, 142, 444 P2d 924 (1968), the court stated that "the provision for treble damages in ORS 105.810 was intended as a statutory

measure for the recovery of 'punitive or exemplary damages.' "
The court reached its characterization of the damages under
ORS 105.810 by comparing them with the double damages
that ORS 105.815 provides for timber trespasses which are
"casual or involuntary" or which are accompanied by certain
mitigating factors:

> "Treble damages under [ORS 105.810] cannot be considered what are sometimes called 'accumulative damages,' or 'extraordinary' or 'statutory-liquidated damages' as we termed them in [*Kinzua Lbr. Co. v. Daggett et al,* 203 Or 585, 281 P2d 221 (1955)]; for all such damages may be recovered under ORS 105.815 and any award beyond double damages must, of necessity, be punitive or penal in character." 251 Or at 142. (Citation omitted.)

ORS 105.810 and 105.815 are akin to the statutory
scheme considered in *Brewer v. Erwin, supra.* They set forth
"differentiated provisions" for penal and nonpenal damages,
and they evince legislative "attention * * * to the choice of
noncompensatory measures of damages." Indeed, the conclusion that the statutory provisions foreclose punitive damages
here is even more compelling than it was in *Brewer:* in that
case, the specific section of the Act on which the plaintiff
based her claim for punitive damages, ORS 91.725, made no
reference to penal damages; here, plaintiff seeks to recover
punitive damages in an action which is specifically subject to
the provision which dictates the award of treble damages.

█  Plaintiff argues that ORS 105.810 authorizes treble
damages for wilful or intentional conduct and that his recovery of punitive damages would not be inconsistent with the
statute, because their imposition requires a showing of greater
culpability than wilfulness or intent. Assuming the correctness of plaintiff's evidentiary premise, *but see Andor v.
United Air Lines,* 79 Or App 311, 719 P2d 492 (1986), his
conclusion would not follow. Plaintiff perceives the statute as
supplanting common law remedies only insofar as it duplicates the common law criteria for those remedies. We disagree
with that understanding. In our view, the statute precludes
additional punitive damages, because it reflects a legislative
intent to define the exclusive penal damages that may be
recovered in an action to which it applies. *See Farris v. U.S.
Fid. and Guar. Co., supra,* 284 Or at 468. We agree with the
trial court that ORS 105.810 forecloses an award of punitive

damages to plaintiff, and we reject his first assignment.

◾ His second is that the court erred "in refusing to allow punitive damages where plaintiff [offered to] waive his claim for treble damages" and to take the punitive damages the jury awarded instead. The answer is that the statutory remedy is not an offer to plaintiff that he may accept or refuse, depending on whether he can persuade the jury to give him something more. The damages which the statute permits are the only relief available to plaintiff or the jury.[3]

Affirmed.

---

[3] We do not imply that a plaintiff may not waive the relief that a statute allows.