### McCARTHY v. LERNER STORES CORPORATION.

No. 3112—47.

United States District Court District of Columbia.

Feb. 23, 1949.

Sheldon E. Bernstein and David G. Bress, both of Washington, D. C., for plaintiff.

H. Mason Welch, of Washington, D. C., for defendant.

HOLTZOFF, District Judge.

Rule 16 of the Federal Rules of Civil Procedure, 28 U.S.C.A., which relates to pretrial, provides that the Court shall make an order which recites the action taken at the pretrial hearing. This order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injuries.

One of the chief purposes of pretrial procedure, and the principal usefulness of a pretrial order, is to formulate the issues to be litigated at the trial. The parties are bound by the pretrial order. They may not later inject an issue not raised at the pretrial conference. Otherwise the primary objective of pretrial procedure would be defeated.

It is assumed by the Court that at the pretrial counsel are as thoroughly familiar with the case—making as complete a disclosure as they would at the trial, and being as completely prepared—as they will be at the trial. This is an unavoidable and inexorable duty that the existing Federal practice imposes on members of the bar. To say that parties are not bound by the pretrial order is a misunderstanding of the purpose and the office of pretrial.

No doubt situations may occasionally arise in which counsel discovers some vital new matter, after pretrial and before the trial. The pretrial order may then be amended to include the new issue. Application may be made to the Pretrial Court to amend the pretrial order.

If counsel waits until the trial, he is bound by the pretrial order, unless the trial court relieves him of the pretrial order to prevent manifest injustice. Of course, it is contemplated that this will be done only in exceptional cases, as otherwise the adverse party may be taken by surprise and in a proper case may become entitled to a continuance and possibly a mistrial, if the case is tried before a jury.

It is the Court's view that if counsel desires to inject an issue not raised at pretrial, application should be made to amend the pretrial order and to include that issue in the pretrial order.