Albert **WASHINGTON**, Plaintiff,

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION**, a corporation, Defendant.

Civ. No. 717.

United States District Court
S. D. Florida, Orlando Division.

April 19, 1956.

Sam E. Murrell & Sons, Orlando, Fla., for plaintiff.

Steed & Steed, Orlando, Fla., Boggs, Blalock & Holbrook, Jacksonville, Fla., for defendant.

BARKER, Chief Judge.

This suit was instituted in the Circuit Court of Orange County, Florida, by the plaintiff, Albert Washington, against the defendant, General Motors Acceptance Corporation, for damages for the wrongful conversion of an automobile and certain other personal property. The cause was removed to this Court by reason of diversity of citizenship.

The defendant filed its answer alleging that the automobile involved was subject to a conditional sales contract executed by the plaintiff; that it was the owner of such contract and that the plaintiff was in default in his payments thereunder on May 17, 1955, when the car was *"redelivered"* to the possession of the defendant; and denying any knowledge of the existence of the other items of personal property.

A pre-trial conference was held on December 30, 1955, at which time the issues to be tried were agreed upon by counsel for the parties and incorporated in a formal order. These issues were:

(a) Whether defendant had the permission of plaintiff to take possession of the vehicle.

(b) Whether defendant converted to its own use property of plaintiff, to wit: one 38 calibre nickelplated pistol, one ladies wrist watch and one electronic tester.

The case was tried and submitted to the jury on these agreed issues. The jury found for the plaintiff.

The defendant has now moved the Court to set aside the verdict and judgment and enter judgment for it, or in the alternative, to order a new trial. A Motion under Rule 60(b), Fed.Rules Civ. Proc. 28 U.S.C.A., has also been filed in behalf of the defendant, seeking relief upon the grounds of mistake and inadvertence of defendant's counsel in failing to present the applicable legal authorities to the Court to support its defense of a lawful repossession with the written consent of the plaintiff given in and by the terms of the conditional sales contract between the parties.

Counsel for defendant now contends that the plaintiff by executing the conditional sales contract gave the owner thereof permission to take possession of the automobile at any time upon default in his payments and to enter upon any premises where it might be for that purpose, and that it was immaterial whether he ever renewed that permission. It is the defendant's position that the case was, therefore, tried upon an erroneous issue, that is, the issue as to whether plaintiff gave the defendant permission to take possession of the car at the time it was taken.

It is perfectly clear to the Court that Counsel for the defendant, at the pre-trial conference and throughout the trial, relied upon permission to take the car given at the time it was taken.

The Court must presume that Counsel knows the facts in his case, and the Court can conceive of circumstances under which it would be necessary for the holder of a conditional sales contract to have permission to take possession of the property in order for such taking to be lawful.

In discussing the sufficiency of the Answer during the pre-trial conference, the defendant stated: "May it please the Court, we are perfectly willing to amend right now, if your Honor thinks well of it; and put a positive allegation in there that we had permission of the Plaintiff at the time we repossessed the automobile." Again Counsel for the defendant stated that the case had been narrowed down to this question: "Whether or not we were given permission to take the car back?"

During the trial the defendant relied upon permission given on the night of May 17, 1955, by the plaintiff to take possession of the car at that time. The representative of the defendant testified that at the time of repossession, the plaintiff gave him permission. He was very emphatic about this. The plaintiff

denied this and testified that no such permission was given. This was the issue that Counsel for the parties agreed upon and which was submitted to the jury and resolved against the defendant.

During the progress of the trial, one of the attorneys for the defendant stated: "Now the importance of that is this, that in the instant case, this Sandstrom either obtained permission on the night of May 17, or he did not. He either did, or he didn't, and that is the issues as they have been narrowed." Transcript, p. 89.

The instructions which the defendant requested the Court to give were on this theory. One of these instructions, which was given in substance, was as follows:

> "The Court instructs you that if you find that the Defendant had the permission of the Plaintiff to repossess the vehicle on May 17, 1955, and you further find that a nickelplated 38 calibre pistol, a ladies wrist watch, and an electronic tester were left in the vehicle by the Plaintiff, the Defendant is held to the exercise of ordinary care and diligence in safeguarding such items and is answerable for loss resulting from the Defendant's failure to exercise such care or diligence. The Defendant is responsible only for negligence and not for losses which were not occasioned by want of care on his part. Ordinary care in this respect has been defined as that degree of care and diligence which may reasonably be expected from ordinary persons under similar circumstance."

The defendant proceeded to trial and presented its defense upon its own theory of its case. One of the purposes of the Federal Rules of Civil Procedure is to simplify procedure and expedite litigation. This purpose would be defeated if a litigant could choose the issue upon which he wants his case tried and then, after a jury has decided against him, have the verdict and judgment set aside and retry his case on a different theory.

The pre-trial order entered incorporated the issues agreed upon by the parties. It was authorized by Rule 16 of the Federal Rules. When such an order is entered it controls the subsequent course of the action unless modified at the trial. Fowler v. Crown-Zellerbach Corporation, 9 Cir., 163 F.2d 773; see also Ringling Bros.-Barnum & Bailey Combined Shows, Inc., v. Olvera, 9 Cir., 119 F.2d 584; Owen v. Schwartz, 85 U.S. App.D.C. 302, 177 F.2d 641, 14 A.L.R. 2d 1337 and Dougall v. Spokane P. & S. Ry. Co., 9 Cir., 207 F.2d 843. No request was made to modify the order at any time prior to or during the trial, and the defendant is, therefore, bound by its provisions.

The evidence was amply sufficient to support the verdict of the jury.

The said Motions are hereby severally denied.