**MEADOW GOLD PRODUCTS CO., a corporation, Appellant,**

v.

**Harry W. WRIGHT, Appellee.**

**No. 14942.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 18, 1959.

Decided April 7, 1960.

Mr. Wilbert McInerney, Washington, D. C., with whom Mr. Joseph S. McCarthy, Washington, D. C., was on the brief, for appellant.

Mr. Paul R. Connolly, Washington, D. C., for appellee. Mr. Francis L. Casey, Jr., Washington, D. C., also entered an appearance for appellee.

Before BAZELON, BASTIAN and BURGER, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal by the defendant in the District Court from a jury verdict awarding appellee judgment for injuries sustained as a result of negligent operation of a motor truck by appellant's employee. The sole question is whether the trial court erred in instructing the jury

on the doctrine of last clear chance when this issue was not specifically framed by the pleadings or the pre-trial order and, in fact, not until the evidence was completed and argument on instructions was being had.

The pre-trial order entered in this case recited simply "that the issues are sufficiently covered by the pleadings and pre-trial statements." Appellee filed a pre-trial statement which, like his complaint, set forth that:

"On April 28, 1955, the plaintiff [appellee], while a business invitee on the premises of the defendant [appellant] at 1337 D Street, S.E. in the City of Washington, overseeing the delivery to the defendant of liquid sugar from a tank truck of his employer, O'Boyle Tank Lines, Inc., was negligently and carelessly struck from behind by a truck owned by the defendant and operated by its employee, William R. Butler, in the course of the defendant's business. The said truck knocked the plaintiff to the ground and ran over his right leg, stopped and then negligently and carelessly backed over the same leg.

"The negligence hereinabove referred to consisted in the failure of defendant's employee to give full time and attention to the operation of the truck; his failure to keep the vehicle in proper control; his failure to sound a horn or warning; and his failure to look."

Although appellant did not file a pre-trial statement, its answer to the complaint raised, among other defenses, that of contributory negligence.

Nowhere in the complaint, the pre-trial statement, or the opening statement did appellee indicate reliance upon the theory of last clear chance. Indeed, it was not until the close of all the evidence, when the court was considering requested instructions, that there was any intimation that appellee relied on that theory. When it was raised, both the trial judge and appellant's counsel expressed their surprise, and appellant's able counsel was confronted with a dilemma: He could have asked for a mistrial, or at least a continuance and re-opening, and, had he done so, the question for our determination would have been whether or not a ground for reversal had resulted, assuming the motion would have been denied. However, after consideration, counsel finally elected to make neither motion. Nor did he enter formal objection to the requested instruction on last clear chance. In view of this circumstance, we are not called upon to decide whether this doctrine should have been allowed to go to the jury.[1] Had counsel asked for and been granted a mistrial, there is always the possibility that, on a retrial, appellant would have been faced with a judgment larger than that returned in this case. On the other hand, his case was in and counsel might well have determined that his client would be better off if it were allowed to go to the jury. This is simply one of those problems which, when presented to a trial lawyer in the swift movement of trial, must be determined by the exercise of his best judgment. No criticism can attach to counsel for the choice he made but, while it is unfortunate that he was confronted with the problem, having made a choice he is nevertheless bound by it.

It follows that the judgment of the District Court must be affirmed.

We think, however, that we should make certain comments upon an important procedural matter, relating to pre-trial hearings, which is pointed up by this case.

The casual pleading indulged by the courts under the Federal Rules of Civil Procedure has quite naturally led

1. We have been cited to no federal case bearing directly on the subject, and we have been able to discover none. In a comprehensive note in 25 A.L.R.2d 265, 273, there are cited a number of cases pro and con. Those cases, however, generally arose in the absence of pre-trial procedure.

to more and more emphasis on pre-trial hearings and statements to define the issues. To give full effect to the modernized rules, one of the theories of a case is not to remain a mystery or a matter of speculation and conjecture. It was to get away from legal sparring and fencing, and from surprise moves of litigants, that the new rules were adopted. Cf. Walker v. West Coast Fast Freight, Inc., 9 Cir., 1956, 233 F.2d 939. The refinement of these basic objectives is manifested in the increasing emphasis on the pre-trial processes.

■ The Federal Rules encourage litigants to plead only a simple statement, in sequence, of the events which have transpired, coupled with a direct claim by way of demand for judgment. Gins v. Mauser Plumbing Supply Co., 2 Cir., 1941, 148 F.2d 974, opinion by Clark, J. Thus the pre-trial procedure, when utilized, becomes the principal means of defining the issues in a case and the legal theories upon which they are to be tried. In the recent case of Rosden v. Leuthold, 107 U.S.App.D.C. 89, 274 F.2d 747, 750, we had occasion to point out that the primary purpose of the pre-trial procedure is to "define the claims and defenses of the parties for the purpose of eliminating unnecessary proof and issues, *lessening the opportunities for surprise and thereby expediting the trial.*" [Emphasis supplied.]

To this end, Rule 16, Fed.R.Civ.P., 28 U.S.C.A., provides that the court, in its discretion, may direct the parties to attend a pre-trial conference to consider, *inter alia*, the necessity and desirability of simplifying the issues or amending the pleadings. The action taken at this conference is recited in a court order "and such order when entered controls the subsequent course of the action * * *." In this jurisdiction, a full-time Pre-Trial Commissioner, an Assistant Pre-Trial Commissioner, and a staff have been set up.

■ In view of all these developments, the courts are not to be lenient with counsel who fail to reveal the theory of their case until all the evidence is closed.

Here both defense counsel and the trial judge expressed surprise. That an experienced trial judge should be unaware of the theory of plaintiff's case until that point in the trial cannot be permitted. Where that is done, it is our view that the trial court may, in its sound discretion, grant a mistrial or a reopening and recall of witnesses at the expense of the "surprising" litigant, if the trial judge considers that appropriate in the interests of justice. The theory of a plaintiff's case has much to do with how defendant's counsel will cross-examine plaintiff's witnesses and, perhaps, how he will examine his own witnesses. It is too important a matter to be withheld from the adversary and from the trial judge until all the evidence is in and the case is ready to go to the jury.

Affirmed.