**Nina S. WATTS, Appellant,**

v.

**Robert Samuel ROBERTS, Appellee.**

**No. 6325.**

United States Court of Appeals Tenth Circuit.

Aug. 23, 1960.

Rehearing Denied Oct. 3, 1960.

Second Petition for Rehearing Denied Oct. 27, 1960.

Leslie D. Ringer, Santa Fe, N. M., for appellant.

William W. Gilbert, Santa Fe, N. M., for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and BREITENSTEIN, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from a judgment for the defendant in a diversity negligence suit arising out of a truck-car collision in New Mexico. The driver of a Volkswagen, her passenger-mother, and the subrogated insurance carrier sued the driver of the cattle truck claiming that he negligently overtook and struck the Volkswagen from behind, causing damage to the car and personal injuries to the occupants. Upon trial of the causes to the court, without a jury, it was held that the sole proximate cause of the collision was the negligence of the plaintiff-driver in that she signaled for a right turn as she approached an intersection, and then without warning turned left, thereby creating a sudden emergency which defendant-truck driver could not thereafter reasonably avoid; that the defendant exercised ordinary care in the circumstances, and did not violate any statutory or customary rule of the road, so as to proximately contribute to the accident.

■ The plaintiff-driver of the car has not appealed from the findings and judgment against her. This appeal is by the plaintiff-passenger on the theory that the negligence of the driver is not imputable to her and that the court erroneously absolved the defendant of any actionable negligence proximately causing the accident. The judgment of the court based upon its findings of the sole negligence of the driver-plaintiff must stand, of course, unless clearly erroneous. 52(a) F.R.Civ.P., 28 U.S.C.A. And the findings of the court are not clearly erroneous unless we must say from the whole record that the driver of the truck was actionably negligent as a matter of law. If the evidence is susceptible of different inferences, the inference-drawing province is for the trial court, not us. Wilsey-Bennett Trucking Co. v. Frost, 10 Cir., 275 F.2d 144. Indeed the appellant meets this issue with the plea that the defendant was guilty of negligence as a matter of law, in that he violated the New Mexico safety statutes governing the rules of the road. Specifi-

cally, she contends that the defendant truck driver followed the Volkswagen more closely than was reasonable and prudent in the circumstances, in violation of Section 64–18–17, New Mexico Stat.1953 Annotated; that he attempted to pass to the left at an unsafe distance without giving audible signal, in violation of Section 64–18–10(a) and (b), and within 100 feet of an intersection in violation of Section 64–18–13(a), par. 2, and in a no-passing zone in violation of Section 64–18–14. There is no contention that the negligence of the driver is imputable to the appellant, and it is the law in New Mexico that the violation of a safety statute is negligence per se. Pettes v. Jones, 41 N.M. 167, 66 P.2d 967; Turrietta v. Wyche, 54 N.M. 5, 212 P.2d 1041, 15 A.L.R.2d 407; Wilsey-Bennett Trucking Co. v. Frost, supra.

■ The trial court's findings of non-negligence are based upon creditable testimony to the effect that the defendant, driving a large truck, towing two empty stock trailers, came over a hill on a two-lane highway, slightly down grade about 300 yards from an intersection. At that point the Volkswagen was about 100 to 150 yards ahead, traveling in the same direction. The car was going about 30 to 35 miles per hour and the truck about 40 to 45. To the right of the pavement, and in the vicinity of the intersection, there was a filling station. The appellant and her driver-daughter were looking for a left turn which would take them to the Tesuque Pueblo, and, having previously seen defendant's truck, knew that he was not far behind. Both vehicles slowed down gradually as they approached the intersection, the car to about 17 miles per hour and the truck to approximately 15. As the driver of the Volkswagen saw the filling station she signaled for a right turn, and veered to the right. When the vehicles were about 75 to 100 feet apart, the Volkswagen suddenly signaled for a left turn, and went from the right to the left side of the road. The accident occurred about 24 feet from the edge of the intersection and at or near the centerline of the high-

way. The truck struck the Volkswagen on the left rear side, causing it to roll over into the borrow ditch on the far corner of the intersection.

The plaintiff driver of the Volkswagen testified that as she came down the hill she saw the filling station and "signaled right," veering in that direction, intending originally to go into the station. At this point and instant, her passenger-mother saw a sign and said, "There's the Tesuque Pueblo road, with an arrow pointing to the left." When the driver saw the sign she said "Oh" and immediately signaled left. The accident occurred as she turned from the right side of the road toward the left. She admitted on cross examination that she left the right signal light going continuously until she saw the Tesuque Pueblo turn-off sign, when she changed to a left signal.

The defendant testified that as he approached, the car was pulling to the right of the road with the right hand blinker on and going slow, almost to a halt. When the car suddenly turned left in front of him he tried to turn with it, but was met with the emergency. He saw that he was in trouble, but there "* * * wasn't a thing I could do, so I just stayed right there as far as I could go." After the accident, the two ladies were helped out of the car and he told them "* * * you had your right-hand blinker on like you were going to make a right-hand turn and you turned in front of us," to which the plaintiff-driver replied, "I was intending to turn right; I changed my mind, I'm sorry."

It was certainly competent and permissible for the trial court to find, from all of this evidence, that the accident was caused by the sole negligence of the driver of the car, and that the defendant violated no statute or other rule of the road. It is clear that he had a right to assume that the car was going to turn into the filling station, thereby allowing him to proceed unobstructed in his lane of traffic. The findings of the court are amply supported by competent evidence.

The judgment is affirmed.