Robert L. YOUNG, Jr., Appellant,

v.

Leon M. JOHNSON, Gerald A. Henry, both of Ellsworth, Kansas; and Tri-State Insurance Company, Tulsa, Oklahoma, Appellees.

No. 6435.

United States Court of Appeals
Tenth Circuit.

Dec. 23, 1960.

Francis P. O'Neill, Denver, Colo. (McClellan, Cates, & Skubitz, Wichita, Kan., on the brief), for appellant.

I. H. Stearns, Wichita, Kan. (E. P. Villepigue, Wichita, Kan., on the brief), for appellees.

Before BRATTON, PICKETT and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this diversity action the claim of appellant-plaintiff is based on a rear-end collision of two trucks. The trial court denied a motion to amend the complaint and directed a verdict for defendants.

The accident occurred on a four-lane Kansas highway at night. Appellee Henry was driving a semi-trailer truck loaded with grain. The truck was owned by appellee Johnson and insured by the appellee insurance company. Henry was proceeding up a long hill at a speed of 7-10 miles per hour. As he neared the top he noticed that his oil gauge

showed a failure of pressure. He pulled the truck to the right and stopped partially on the shoulder with about 7 feet of the truck protruding on the paved highway. At this point the lane farthest to the right is what is commonly called a "creeper" lane for slow moving traffic. As Henry opened his cab door he noticed a truck approaching and straddling the line between the "creeper" lane and the next lane to the left. This was a "sleeper" semi-trailer truck driven by one Ward. Appellant Young was asleep in the sleeping compartment. The truck driven by Ward hit the Henry truck a glancing blow in the left rear corner and came to a stop 100 feet in front of the Henry truck. Young was injured.

The complaint alleged violation of Kansas statutes relating to the lights required on vehicles stopped at night on a highway.[1] The testimony of a Kansas patrol officer, a witness for Young, was that the lights on the Henry truck, except for one broken in the collision, were visible for 800 feet to the rear of the point of impact. This satisfied the requirements of the statute involved.

■ At the conclusion of the evidence, counsel for Young moved to amend the complaint "to conform to the proof" without specifying what specific amendment was desired. The court denied the motion on the ground that in his complaint, at the pre-trial, and at the beginning of the actual trial, plaintiff had stated through his counsel that the acts of negligence on which he was relying were a violation of the mentioned Kansas statutes concerning lights and that it was too late to change his theory of the case. This ruling is urged as error because of the provision of Rule 15(b), F.R.Civ.P., 28 U.S.C.A., that leave to amend shall be freely given "when the presentation of the merits of the action will be subserved thereby."

While a pre-trial was held in this case, the record contains no order as required by Rule 16 and we are left in the dark as to its provisions. Hence, we have no problem as to the correlation of Rules 15 and 16.[2] Rule 15(b) provides that when issues not raised by the pleadings are tried by express or implied consent "they shall be treated in all respects as if they had been raised in the pleadings." An examination of the record discloses no such situation in the case at bar.

The contention of the plaintiff seems to be that the fact that Henry did not pull his truck completely off the "creeper" lane and onto the shoulder constituted negligence which proximately caused the accident. This might be true if the lights on the truck had not been sufficient to comply with the statute and to warn approaching traffic 800 feet away. Henry was confronted with an emergency requiring a sudden stop to prevent damage to the motor of his truck. He pulled the truck partially onto the shoulder. The other truck, lightly loaded, straddled the line between the "creeper" lane and the regular lane, and after the impact proceeded for 100 feet. In the circumstances there is no reasonable conclusion other than that Henry violated no statute or other rule of the road and that the accident was solely caused by the negligence of the driver of the truck in which Young was riding.[3]

■ On the basis of the record presented, justice did not require the requested amendment and manifest injustice did not result from its denial. The evidence was without any substantial dispute and was of such a conclusive nature that had a verdict been returned for the plaintiff, the exercise of sound judicial discretion would require that it be set aside. In such a situation it is the duty of the trial court to direct a verdict.[4]

Affirmed.

1. Kan.G.S. §§ 8-586 and 8-5,108 (1949).
2. See Johnson v. Geffen, D.C.Cir., —— F. 2d ——.
3. Cf. Watts v. Roberts, 10 Cir., 282 F.2d 565, 567.
4. Commercial Standard Insurance Company v. Feaster, 10 Cir., 259 F.2d 210, 212.