Charles Franklin JOHNSON, Appellant,

v.

Bernard GEFFEN, Appellee.

No. 15724.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 19, 1960.

Decided Dec. 1, 1960.

Petition for Rehearing En Banc Denied
Jan. 6, 1961.

Chief Judge Miller would grant the petition.

Mr. Joseph S. McCarthy, Washington, D. C., with whom Mr. Hugh Lynch, Jr., Washington, D. C., was on the brief, for appellant.

Mr. John R. Hess, Asst. Corp. Counsel for the District of Columbia, with whom Mr. Chester H. Gray, Corp. Counsel, Mr. Milton D. Korman, Principal Asst. Corp. Counsel, and Mr. Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before Mr. Justice REED, retired,* and PRETTYMAN and BAZELON, Circuit Judges.

* Sitting by designation pursuant to Sec. 294(a), Title 28 U.S.C.

PRETTYMAN, Circuit Judge.

This is a motor vehicle accident case. Our appellant Johnson was the plaintiff.[1] At the time of the accident he was a pedestrian. He was struck by a motor cycle being operated by our appellee Geffen, a Metropolitan Police officer on motor cycle duty.[2] The action went to trial before a jury. At the conclusion of the plaintiff's case the trial judge directed a verdict for the defendant. We are of the opinion that he erred.

The accident occurred at the intersection of Georgia Avenue and Barry Place, Northwest. Mr. Johnson testified that he alighted from a southbound streetcar and walked across the car tracks. East of the tracks and in the lane of northbound traffic, he was struck by the motor cycle officer, who was southbound. Precise details of Mr. Johnson's movements are shown in the testimony, but for present purposes it is unnecessary to recite them.

The first point on appeal stems from the presence of the defendant officer on the left side of the roadway. The question is whether the plaintiff made out a *prima facie* case within the scope of the pretrial order, which incorporated the plaintiff's pretrial statement. Mr. Johnson's counsel offered in evidence certain traffic regulations, one of which provided:

"Sec. 30. Further Limitations on Driving to Left of Center Roadway.

"(a) No vehicle shall at any time be driven to the left side of the roadway under the following conditions:

\*    \*    \*    \*

"2. When approaching within 100 feet of or traversing any intersection or railroad grade crossing." [3]

No objection was made to the admission of this regulation.

The facts we have related are not disputed. Mr. Johnson, headed east, had crossed the northbound car tracks and so was within that portion of the street allotted to northbound traffic; the motor cycle officer was southbound and was therefore on the side of the roadway to his left. The dispute revolves not about the facts or the consequences thereof but about the pretrial statement of plaintiff Johnson, adopted, as we have said, and made part of the pretrial order in the case. The dispute is whether negligence by driving on the left side of the roadway was or was not an issue in the case. The pretrial statement of the plaintiff, in so far as here pertinent, was:

"Facts of the Occurrence

"On February 11, 1957 at about 8:15 A.M. the male plaintiff, C. Frank Johnson was struck by a motorcycle owned by the District of Columbia and operated by its agent a policeman, the co-defendant, Bernard Geffen. The accident occurred at the intersections of Georgia Avenue and Barry Place, N. W., Washington. The plaintiff had alighted from a southbound streetcar at Georgia and Barry and was in the process of crossing Georgia Avenue when struck. The motorcyclist, who was southbound was across the center line into the northbound lanes when he struck the male plaintiff.

"Negligence Alleged

"1. Failure to give full time and attention.

"2. Failure to sound a warning.

"3. Excessive speed.

"4. Rely upon the doctrine of 'last clear chance.' "

The defendant-appellee officer says that in the foregoing statement no negligence was alleged concerning his being on the left side of the roadway and that

---

1. Originally Mr. Johnson's wife was also a plaintiff, claiming damages for loss of consortium, but her claim was withdrawn.

2. Originally the District of Columbia was also a defendant, but the claim as to it was dismissed by the court.

3. D.C.Traffic and Motor Vehicle Regs. § 30(a) (2).

therefore no such issue was presented for trial. The trial judge agreed with that view.

■ The pretrial procedure provided by Rule 16 of the Rules of Civil Procedure, 28 U.S.C., was designed to provide, *inter alia,* a clear statement of the issues to be tried. We had occasion to discuss this matter in Meadow Gold Products Co. v. Wright,[4] and we here by reference iterate the comments which we there made.

The pretrial statement in the case at bar has two parts, under separate headings, one a statement of facts and the other a succinct tabulation of "negligence alleged". But the two parts do not appear to fit together. The sole basis for a charge of negligence in the statement of facts is the last sentence, which says that the motor cyclist, southbound, was in the northbound lanes when he struck the plaintiff. On the other hand, in the tabulated and numbered specifications of "negligence alleged", no reference to the defendant's being on the wrong side of the street appears. The allegations of negligence include failure to give full time and attention, failure to sound warning, and excessive speed, but in the statement of facts no fact is suggested which would form a basis for the two latter allegations. And, of course, the notation as to the doctrine of last clear chance is a reservation of a point of law and not an allegation of negligence.

Three readings of the pretrial statement are possible. One reading is that the statement of facts and the "negligence alleged" are not supposed to be separate parts, one dealing with facts and the other with conclusions, but are to be read as one whole, each being part fact and part conclusions. Thus the statement that the motor cyclist, southbound, was in the northbound lane, purportedly a statement of fact, might be read as an allegation of negligence; and the allegation of negligence in failure to sound a warning might be read as including an allegation of fact that the defendant did fail to sound a warning. The second possible reading is that the two parts of the statement are indeed separate parts but that the "negligence alleged" of "[f]ailure to give full time and attention" is broad enough to include driving a motor cycle on the left side of the roadway. The third possible reading is as defendant would have us read it, *i. e.,* that the issue of negligence in being on the left side of the roadway is not posed.

■ We do not condone this form of pretrial statement. At best it is exceedingly dangerous to the interests of the plaintiff; at worst it is fatal. It does not clearly and unmistakably meet the purposes of the pretrial procedure. The pretrial order, in the language of Rule 16, "limits the issues for trial to those not disposed of by admissions or agreements of counsel". When entered, it "controls the subsequent course of the action". As we pointed out in Meadow Gold, the plaintiff is called upon to reveal in the pretrial statement the theory of his case. A pretrial statement purportedly stating the issues to be tried requires clarity and certainty. We fully recognize the force of the view of our dissenting Mr. Justice Reed, and we agree with his basic position that counsel for a plaintiff cannot fail to reveal the theory of his case and he must state the issues he poses for trial with sufficient certainty and clarity to apprise the trial court and the opposing defendant of what they may expect in the course of the trial.

But in the case before us, upon a consideration of all the pertinent circumstances, we think the pretrial statement can reasonably be read as posing the issue of negligence in being on the wrong side of the roadway. The plaintiff offered in evidence the traffic regulation above quoted (Traffic Regulation 30(a)(2)), and the defendant did not object. That regulation dealt with one, and only one, subject, *i. e.,* driving on the left side

4. 108 U.S.App.D.C. 33, 278 F.2d 867 (1960).

of the roadway when approaching or traversing an intersection. It had no possible relevance to anything in this case except the presence of the motor cyclist on the wrong side of the roadway. When that regulation was offered, the defendant made no objection. If the regulation was not relevant to an issue in the case, it was inadmissible, and this fact was inescapably noticeable on the face of things. We conclude that since the defendant interposed no objection to its admission he must have understood or believed that an issue of negligence involving that regulation was in the case. The defendant at no time claimed surprise. Thus the conduct of the parties—the action of the plaintiff in offering this regulation dealing only with the one subject, and the action of the defendant in not objecting to its admission in evidence—establishes that both parties understood that an issue of negligence in being on the wrong side of the roadway was on trial.

When counsel for the plaintiff argued in opposition to the motion for a directed verdict, he urged that being on the wrong side of the road came within the allegation of negligence "[f]ailure to give full time and attention". This reading of the pretrial statement, of course, poses a somewhat different ultimate issue from that posed by the other reading which we have discussed. The issue here would be whether the defendant's presence on the wrong side of the roadway, under the circumstances then existing, did or did not indicate a failure to give attention to his driving. On the other reading, the issue would be simply whether defendant's presence on the wrong side, being in violation of the specific regulation on that subject, was or was not evidence of negligence in and of itself. But for present purposes we need not decide which of these two theories was applicable at the time plaintiff rested his case. We assume that upon a re-trial what was unclear as to the issues will be made clear prior to that trial. The overall question upon the record now before us, applicable under either ultimate theory, was whether an issue as to negligence in being on the wrong side of the street was or was not in the case.

■■■ Upon a motion for directed verdict the plaintiff's pretrial statement should be read in the light most favorable to him. In view of possible readings of the statement as including the disputed issue as an issue to be tried, and in view of the conduct of both parties indicating that they so understood, we hold, although by a very slight margin of the competing considerations, that the disputed issue was presented and the defendant should have been put to his proof.

Lurking in the background on this point are questions which we do not reach, because of the meaning we find in this pretrial statement. We mention them merely to make certain we are not understood to be answering them. Rule 15 clearly permits an amendment of pleadings to conform to the proof. But, if there is a pretrial order under Rule 16 which specifies the issues, can a plaintiff successfully move to amend that order at the conclusion of his evidence? Is there such a thing as an implicit amendment of a pretrial order by virtue of evidence admitted upon the trial? Rule 16 provides that the order as entered shall control the proceedings unless modified "at the trial" to prevent manifest injustice. We need not, in our view of this case, and therefore do not, attempt to determine the meaning of "control" or "at the trial" or "manifest injustice", or the correlation of Rules 15 and 16 on this point.

■■ In addition to the point which we have discussed, several other points appear in the case. There was evidence to indicate that the plaintiff was within the crosswalk when he was hit. There was no designated, i. e., painted, crosswalk at this intersection, but under the definition in the regulation introduced in evidence no such designation is necessary to establish the existence of a crosswalk. If he was within the crosswalk

he was protected by the regulation,[5] introduced in evidence and admitted over objection, which gives a pedestrian in a crosswalk the right-of-way. Whatever may have been the circumstances provable by the defendant, the plaintiff, by establishing that he was within the crosswalk, put the defendant to his proof.

It follows that the judgment of the District Court must be set aside and the case remanded for a new trial.

Reversed and remanded.

Mr. Justice REED (dissenting).

The importance of this case in the development of sound pre-trial procedure in the federal courts leads me to express my dissent. It is the first case known to me that tends to weaken the effectiveness of federal pre-trial procedure as adopted by Rule 16 of the Federal Rules of Civil Procedure.

Rule 16 was adopted after favorable experience in several metropolitan centers with pre-trial procedure, and no suggestion of ineffectiveness or unfairness has been made against it.[1] By providing for the formulation before trial of the issues to be tried, the rule contributes to orderly and speedy trials and prevents undue use of the tactic of surprise. Its effectiveness to these ends depends in large part upon limiting trials with some strictness to the issues raised in pre-trial orders. This is not to resurrect the excessive formalism of ancient pleading. Clarification, not entrapment, is the goal. A party need only tell his opponent, by whatever language communicates his thought, what it is that he complains of or intends to prove. The rule makes adequate provision to guard against undue rigidity by allowing modification "to prevent manifest injustice" even during the trial.[2] No such change

was sought in this case. A firm judicial support of the rule will do much to simplify and shorten trials and aid in handling the press of litigation without in any way limiting the right of litigants to secure softening of its rigor before judgment where justice requires.[3]

I accept the court's statement of the "overall question" in this case, "whether an issue as to negligence in [the appellee] being on the wrong side of the street was or was not in the case." By that I understand the court means that the question is whether such negligence was alleged by the pre-trial order on Facts of the Occurrence and Negligence Alleged, set out in the opinion.

I find no such allegation in the pre-trial statement. The parties, it is true, stated a fact upon which the appellant might well have based a successful case of negligence, namely that the appellee was in the northbound lane of the road. But this statement was in a section headed "Facts of the Occurrence" and there was nothing to show that the statement was intended to convey information about the appellant's theory of negligence as a basis for liability. It appears, as a reading of the Facts of the Occurrence, set out in the court's opinion, will show, as one of many facts identifying the occurrence at issue, stating the time and place of the accident. There is nothing in the statement to the effect that it was a violation of the regulation to be in the northbound lane, and, most important, the pre-trial statement of fact is clearly separated from the section entitled "Negligence Alleged" in which the appellant's theories of the case appear. It may be that the appellant intended to proceed on the theory that it was negligence to be in the northbound lane, but he did not so inform his opponent. Under no logical reading of the

---

5. D.C.Traffic and Motor Vehicle Regs. § 52(a).

1. See Report of the Advisory Committee on Rules for Civil Procedure, April, 1937, p. 45; Final Report, November, 1937, p. 14; Report of Proposed Amendments of October, 1955, p. 25, concerning Rule 16 dealt with nothing pertinent to this case.

2. This has been recognized in this court. Phoenix Mutual Life Ins. Co. v. Flynn, 1948, 83 App.D.C. 381, 171 F.2d 982.

3. See, generally, 3 Moore's Federal Practice, chap. 16.

words of the statement can this intention be made to appear.

Equally without justification, I think, is the argument of counsel for appellant that driving on the wrong side of the road is comprehended under the allegation of negligence because of "Failure to give full time and attention." There is no necessary relationship between these two theories of negligence and the record shows nothing as to why the defendant was driving on the wrong side.

The court draws an unjustifiable inference of acquiescence, I think, from appellee's failure to object to the admission of Traffic Regulation 30(a) (2) as to driving on the wrong side of the street. The defense may have thought it was introduced to lead up to evidence of negligence of the appellee in one or more of .the categories of "Negligence Alleged." At any rate, a failure to object to evidence surely does not enlarge the scope of the pretrial order where no motion to amend or enlarge is made.

Nor is it relevant whether or not the defense was surprised by the appellant's introduction of an issue not previously formulated. Rule 16 provides only one exception to the rule that the pre-trial order controls further proceedings, and that is when the order is later amended. Whether or not the appellee might have anticipated appellant's mode of attack, he is not required, without amendment of the pre-trial order, to meet a theory for which he was not previously notified to prepare. See Walker v. West Coast Fast Freight, Inc., 9 Cir., 1956, 233 F.2d 939.

Finally, I do not believe the court is correct in stating that, on a motion by the defense for directed verdict, a plaintiff's pre-trial statement must be read in the light most favorable to him. The question the court resolves on this motion is not one involving the credibility of witnesses or the strength of evidence, in which cases latitude is properly allowed for the variable views of the jury. The question is of law, of the correct, not the most favorable, interpretation of a document prepared by counsel in the course of litigation and approved by the court. But, however that may be, the words of the statement, in no matter how charitable a light they are viewed, do not convey the information that negligence was alleged on the basis of the fact that the defendant was driving on the wrong side of the road.

The court cites only one case in support of its position. Meadow Gold Products Co. v. Wright, 1960, 108 U.S.App. D.C. 33, 278 F.2d 867. In that case the issue was whether the trial judge erred in instructing on the doctrine of last clear chance when the issue did not appear in the pleadings or pre-trial order. On appeal the case was affirmed on the ground that counsel for defendant deliberately elected not to ask for a mistrial, continuance or reopening, or make a formal objection. But it appears clear from the language of the case that if the defendant had objected, it would have been error to give the instruction.

The cases support the view that where there has been a pre-trial order the issues are limited to the acts of negligence or the damages set out in that order unless it is amended. For example, in Walker v. West Coast Fast Freight, Inc., 9 Cir., 1956, 233 F.2d 939, a personal injury case, the damages from an accident were stated in the pre-trial order to be

"numerous bruises and contusions to the plaintiff's body, severe brain concussion and brain damage, severe physical and mental shock and physical and mental pain and suffering, a severe tearing, twisting and wrenching of the tendons, muscles, ligaments, bones, nerves and soft tissue of her neck, back, pelvic area, right hip and leg, injuries to her upper chest, and aggravation of the pre-existing arrested tuberculosis, from all of which plaintiff was rendered sick, sore, nervous and distressed, that plaintiff has permanent injuries to her head, neck, back, right hip and leg, and the internal

organs of her chest, * * *." 233 F.2d at page 941.

The plaintiff wanted to show damages from pain and suffering in child birth and necessary shortening of the gestation period. Such variation from the order was refused as there had been no amendment. The court said:

"If appellees' counsel had had the phrase from the pre-trial order * * * before him when he learned of her pregnancy, he might well have concluded that it was more probable than not that appellant might have some trouble in child birth and claim damages for her disability. However, this would have placed upon him the burden of preparing for a contention which might never arise and which would not be hard to overlook. It seems inconsistent with the purpose of clarification and simplification of issues to place upon a party the burden of connecting subsequently discovered facts with allegations buried in the pre-trial order * * *." 233 F.2d at page 942.

Again, in Fowler v. Crown-Zellerbach Corp., 9 Cir., 1947, 163 F.2d 773, 774, in a suit for damages for injury to property from a nuisance, the pre-trial order stated the alleged damage to be property depreciation and loss of income from operating the property. At the trial plaintiffs also claimed damages "for discomfort and annoyance or injury to health of themselves." The latter issue was held to be foreclosed because not included in the pre-trial order.

In the Second Circuit a case similar to ours was disposed of per curiam:

"The plaintiff argues that this should have been done because liability for unseaworthiness had been asserted in the complaint and the pre-trial order had stated that none of the issues raised by the pleadings were abandoned. But the pre-trial order enumerated the only issues to be dealt with at the trial, and these were limited to questions raised by the allegations of negligence. If the plaintiff wished to present other issues at the trial he should have asked for an amendment of the pre-trial order, which he failed to do. We find no error in the conduct of the trial. The verdict for the defendant was, therefore, properly allowed to stand." [4]

Perfect procedure is not the primary end of the judicial function, but to work toward that objective is desirable. The pre-trial order has contributed toward the simplification and promptness of judgment. It favors neither plaintiff nor defendant. It is in essence a stipulation of the parties as to facts and issues that helps litigants to understand remaining issues and prepare their contentions, subject always to the right to amend or amplify their order in the interest of justice. The pre-trial order is a part of the litigation process. In this case, appellant for reasons unknown to this court omitted the issue later relied on from his items of negligence alleged, then made no effort to amend. I think the trial judge correctly directed a verdict for defendant.

4. Fernandez v. United Fruit Co., 1952, 200 F.2d 414, 415; see McCarthy v. Lerner Stores Corp., D.C.D.C.1949, 9 F.R.D. 31; Washington v. General Motors Acceptance Corp., D.C.S.D.Fla.1956, 19 F.R.D. 370.