Gerard M. MONOD and Alys Monod, Appellants,

v.

FUTURA, INC., a Delaware Corporation, Highlands, Inc., a Colorado Corporation, and Whipple Van Ness Jones, Appellees.

No. 10007.

United States Court of Appeals Tenth Circuit.

Sept. 26, 1969.

Morton Zeppelin of Paul, Weinshienk, Zeppelin & Miller, Denver, Colo., for appellants.

D. Monte Pascoe, Denver, Colo., (Ireland, Stapleton, Pryor & Holmes and Stanley M. Lipnick, Denver, Colo., on the brief) for appellees.

Before HILL and HOLLOWAY, Circuit Judges, and BRATTON, District Judge.

HILL, Circuit Judge.

This diversity litigation arises from two real estate transactions between appellants Monods and appellees. In a trial to the court, without a jury, the court, after making findings of fact and conclusions of law, entered a judgment dismissing the complaint and the action.

In the trial, Monods, as plaintiffs, urged four claims for relief, including damages for fraud and deceit, rescission and cancellation, and restitution,

but excluded any claim for title. After the judgment in favor of defendants, plaintiffs moved to amend and alter judgment under Rule 59, F.R.Civ.P., to amend the pleadings pursuant to Rule 15(b), F.R.Civ.P., and to amend and supplement the findings and conclusions of the lower court under Rule 52(b), F.R.Civ.P. The trial judge denied each of these motions. The appeal is from the judgment of dismissal and the order entered denying the three post-trial motions.

The relevant facts, as found by the trial court, show that in the spring of 1959 Gerard Monod contacted Whipple Van Ness Jones, an employee of Futura, Inc., informing him of an interest in constructing a lodge at the Aspen Highlands. Monod originally selected a triangular site of some forty-four one hundredths acre which was subsequently enlarged to the contested seven-tenths acre. In October, 1959, Monod and Futura, Inc., penned a contract for the sale of the partial acre at a price of $14,000. Within the agreement was a provision that the deed of conveyance should include a condition reserving to Futura, Inc., the right to re-enter and take possession of the parcel if Monod failed to construct a club or lodge of at least thirty living-units on the premises within four years from the date of the deed.

When the contract was executed and in January, 1960, when the deed was delivered, there was in effect a zoning regulation in Pitkin County, effective as to the land in question, which prohibited the construction of a lodge, such as was required under the condition of re-entry, on a tract of land containing less than two acres. The existence of this regulation was known by Futura, Inc., but was not known by nor related to the purchaser and prospective builder, Monod.

Monod was the owner and operator of a summer resort in British Columbia and a ski instructor in the Michigan skiing areas. Being unable to finance the entire Aspen Highland project alone, appellant contacted several acquaintances and formed a group which would provide the needed assets. In late 1962, an associate of appellant's traveled to Aspen and at that time became aware of the zoning regulation. Negotiations were commenced forthwith to procure a larger parcel upon which the lodge could be constructed, and Jones, the employee of Futura, Inc., sent copies of the latest zoning ordinances and a plat of the proposed acquisition to Monod and his associates in Michigan. During March, 1963, Monod traveled to Aspen to discuss the proposed exchange and in March, 1964, Futura, Inc., and the Monod group negotiated a new agreement which was escrowed. The terms of this agreement provided for Monod and associates to reconvey the original seven-tenths acre to Futura, Inc., and the former was to commence construction of a lodge on the new acreage on or before September 1, 1964. Appellants were further to deposit one thousand dollars in the escrow as a good faith payment which was to revert to appellees if the structure was not built in the agreed time. It was additionally agreed that the money and documents of title as set out in the escrow agreement were to be furnished the escrow agent within sixty days of March 20, 1964.

Appellees complied with the escrow agreement by depositing the deed to the new acreage with the escrow agent. The Monod deed to the seven-tenths acre plat was never sent to the escrow agent and not until May 21, 1964, did appellant remit the one thousand dollars which had by that time become due. On May 21, 1964, a letter was posted, informing Monod that appellees had exercised the right of re-entry in the original seven-tenths acre deed, and had taken possession of said premises. Monod then instituted this suit.

The heart of this appeal is the Conclusion of Law by the trial judge that the taking of possession of the seven-tenths acre by appellees was illegal because the deed of conveyance contained a condition which Futura, Inc., knew violated the zoning regulations and which

made performance impossible. Because this issue was not properly before that court the conclusion is mere dicta and must be read as such. The appellants filed their motions under Rules 15(b), 59(e) and 52(b), subsequently dropping the latter, to conform their pleadings with the evidence. Each motion was denied.

On this state of facts appellants argue that thorough consideration was not given to the Rule 15(b) matter and that when analyzed in the proper light, their argument must prevail. Appellants essentially state that whereas Rule 15(b) grants two grounds for amendments to conform,[1] the trial court failed to consider one of them. We envision the expanded interpretation placed on Rule 15(b) by appellants but cannot concur that such leads to the conclusions they urge.

■ It is provided within Rule 16, F.R.Civ.P. that the pre-trial order sets the limits of the trial. The pre-trial conference rule provides, *inter alia,* for the "simplification of issues" and for the "necessity or desirability of amendments to the pleadings." Thereafter the court may, as it did here, make an order "which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order * * * controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." As we have previously stated, once the issues have been definitively stated in the pre-trial order, the pleadings are superseded, the issues are set and discovery proceeds accordingly. With the issues having been thus defined, they ought to be adhered to in the absence of some good and sufficient reason, which must rest largely within the discretion of the trial court. Case v. Abrams, 352 F.2d

193, 195–196 (10th Cir. 1965). We have reviewed the record and find no instance of manifest injustice sufficient to require reversal of the trial judge's exercise of discretion under Rule 16.

Nowhere in the pre-trial order of this case was there any mention of trying title to the seven-tenths acre. Absent in the record is any attempt by plaintiffs to amend the order under Rule 16 to prevent manifest injustice. We believe the trial court perceived the matter in its true light when it concluded that any amendment was an afterthought by appellants; that a complaint and amended complaint had been filed; that sufficient time had elapsed for thorough reflection and rather than amend, Monod remained steadfast in seeking money damages, cancellation or rescission.

■ Plaintiffs proceeded to trial, resting its case upon the chosen theory. One purpose of the Federal Rules of Civil Procedure is to simplify procedure and expedite litigation. "This purpose would be defeated if a litigant could choose the issue upon which he wants his case tried and then, after * * * [the court] has decided against him, have the verdict and judgment set aside and retry his case on a different theory." Washington v. General Motors Acceptance Corp., 19 F.R.D. 370, 372 (S.D.Fla.1956).

■ We are faced with what appears to be a conflict between Rules 15(b) and 16.[2] Appellants argue that the former includes the latter.[3] We find it unnecessary to determine this question since, under either rule, the appeal fails on its merits. It is, however, our impression that a careful reading of the authority cited by appellants will support a post-judgment amendment of a pre-trial order to conform, only if an issue has been tried with the express or implied consent

1. 3 Moore's Federal Practice, ¶ 15.13 [2] at 983.

2. See Johnson v. Geffen, 111 U.S.App.D.C. 1, 294 F.2d 197, 200 (1960); *Young v. Johnson,* 286 F.2d 365, 366 (10th Cir. 1960).

3. 3 Moore's Federal Practice, ¶ 15.13 at 982, ¶ 16.19 at 1132; Christenson, The Pre-Trial Order, 29 F.R.D. 362, 375; Bucky v. Sebo, 208 F.2d 304 (2d Cir. 1953); Dering v. Williams, 378 F.2d 417 (9th Cir. 1967).

of the parties, and not over defendant's objections. The synthesized result appears to be that an amendment under Rule 16 will be permitted during the trial to prevent manifest injustice and later under Rule 15(b) if issues have, by consent of all parties, been tried. Neither theorem supports this appeal.

■ Amendments to conform the pleadings with the issues actually tried are procedurally divided by Rule 15(b). The first part provides that if issues are tried with either express or implied consent, they are treated as if raised in the pleadings.[4] The test of consent should be whether the defendant would be prejudiced by the implied amendment, i. e., whether he had a fair opportunity to defend and whether he could offer any additional evidence if the case were to be retried on a different theory. United States v. 47 Bottles, More or Less, Etc., 320 F.2d 564, 573 (3d Cir. 1963). At every turn in this case appellees opposed any amendment which would try title to the real estate. Appellant insists that evidence was introduced by both parties which bore on the question of title. This argument is effectively countered by appellees' assertions that while there are obvious connections in the evidence to the question of title, they were inevitable and much additional testimony and documentary proof would have been proffered by them had it been known that the issue would be tried. The trial court agreed, stating that it was "apparent that this issue was not expressly or impliedly tried by the parties." The purpose of Rule 15(b) is to bring the pleadings in line with issues actually tried and does not permit amendment to include collateral issues which may find incidental support in the record. Gallon v. Lloyd-Thomas Company, 264 F.2d 821, 825 n. 3, 77 A.L.R.2d 417 (8th Cir. 1959).

The other provision of Rule 15(b) arises where objection is made at the trial that evidence is not within the issues made by the pleadings. Allowance of amendments is discretionary but should be allowed if the opposing party "fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his * * * defense upon the merits." F.R.Civ.P. rule 15(b), 28 U.S.C.A.

■ We pause here to note that during trial the court allowed an amendment to include the issue of title. However, toward the close of the trial this was reversed. The why of this reversal in judgment is dispositive of the present question. The court stated: "I don't know that Mr. Pascoe [appellees' attorney] is prepared, fully prepared, on this point." We find a complete absence of abuse of discretion in the trial court's rulings and concur in its conclusions.

■ Appellant's concluding allegation of error is the anomalous argument that the Rule 59(e) motion should have been granted despite the Rule 15(b) denial, since Rule 54(c) required entry of a quiet title decree when the District Court concluded they were entitled to that relief. We believe the answer to lie within the language of Rule 54(c): " * * * [E]very final judgment shall grant the relief to which the party in whose favor it is rendered *is entitled* * * *." [Emphasis added.] It was the opinion of the trial judge at the conclusion of the trial and is ours now, that appellants are not entitled to relief on the issue of title.

In those cases cited by appellants,[5] judgment was given on grounds other than that prayed for because the proof sustained that relief. The "legal dimensions of * * * [the] claim are measured by what * * * [plaintiff] pleaded and proved—not his prayer." Blazer v. Black, 196 F.2d at 147. The fault unrecognized by Monod is that the relief he now seeks has not been sufficiently pleaded and proved. The issue has not had its full airing and appellees cannot

---

4. 3 Moore's Federal Practice ¶ 15.13 [2] at 983.

5. Garland v. Garland, 165 F.2d 131, 133 (10th Cir. 1947); Blazer v. Black, 196 F.2d 139, 147 (10th Cir. 1952).

be denied that which may be retained upon presentation of their full evidence.

The trial court committed harmless error in denying the Rule 59(e) motion on the grounds of untimely filing. The end of the ten day period fell on Sunday and ought to have been extended as provided in Rule 6(a), F.R.Civ.P., 28 U.S.C.A. The dismissal is affirmed on the merits of the motion.

Affirmed.

HOLLOWAY, Circuit Judge (concurring):

I agree with the majority opinion in the affirmance and its disposition of the procedural questions raised. It states, however, that there was mere dicta in the conclusion of law that the re-entry was illegal because the deed required performance of a condition that was impossible. As I read it this conclusion was the basis for the trial court's denial of the claim for restitution of payments for the seven-tenths acre tract. To me that conclusion should not be denied recognition as a necessary basis for the judgment, in view of its possible effect in any future litigation.